IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| LEONARD SANDERS, Individually and on behalf of all those Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>MPRI, INC., L-3 COMMUNICATIONS, L-3 COMMUNICATIONS CORPORATION, and L-3 SERVICES, INC.,<br><br>    Defendants | <u>CIVIL ACTION NO. CIV-08-345R</u> |

## ANSWER TO FIRST AMENDED COMPLAINT

### FIRST DEFENSE

Pursuant to FED. R. CIV. P. 8(b)(3), defendants MPRI, Inc., L-3 Communications, L-3 Communications Corporation, and L-3 Services, Inc. ("L-3 Services"), (together, "Defendants") generally deny all of the averments in plaintiff Leonard Sanders' ("Plaintiff") First Amended Complaint ("Complaint"), including the jurisdictional grounds, except as to those averments specifically admitted herein.[1]

---

[1] As of December 31, 2007, MPRI, Inc. merged with and into L-3 Services and, therefore, ceased to exist. There is no such company as L-3 Communications. L-3 Services does business as L-3 Services and as "MPRI." L-3 Communications Corporation does business as L-3 Communications Corporation and "L-3 Communications." L-3 Communications Corporation does not employ (and never has employed) military recruiters.

TCO 357,487,901v1 7-17-08

## SECOND DEFENSE

Subject to the qualifications set forth in footnote 1 above, Defendants specifically reply to the correspondingly numbered paragraphs in the Complaint as follows:

1.01.   The paragraph states conclusions of law to which no response is required. To the extent the paragraph contains any factual averments inconsistent with Defendants' answer or defenses, denied.

1.02   Denied.

2.01.   The paragraph states conclusions of law to which no response is required. To the extent the paragraph contains any factual averments inconsistent with Defendants' answer or defenses, denied.

2.02.   The paragraph states a conclusion of law to which no response is required. To the extent the paragraph contains any factual averments inconsistent with Defendants' answer or defenses, denied.

3.01   Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments concerning Plaintiff's residence.  Otherwise, Defendants admit that Plaintiff was employed as a military recruiter by MPRI, Inc. prior to MPRI, Inc.'s merger with and into L-3 Services.  Defendants state that Plaintiff's employment with MPRI, Inc. commenced on August 6, 2007 and ended on December 31, 2007.  Otherwise, denied.  Plaintiff's written consent speaks for itself.  To the extent that any averment in the paragraph is inconsistent therewith or Defendants' answer or defenses, denied.

3.02. Defendants admit that MPRI, Inc. specialized, and L-3 Services specializes, in recruiting military personnel. Defendants deny that their principal offices are in Kentucky and Utah. Otherwise, admitted, subject to the qualifications set forth in footnote 1, above.

3.03. Admitted, subject to the qualifications set forth in footnote 1, above.

3.04. Admitted, subject to the qualifications set forth in footnote 1, above.

3.05. Admitted.

3.06. Admitted.

4.01. Defendants admit that MPRI, Inc.'s and L-3 Services' pay plans involved and involve a fixed salary plus commission, that their employees, at times, worked and work in excess of forty hours per week, that their employees were not and are not paid at time and one-half their regular rate in excess of forty hours, but deny that Plaintiff and the putative Class Members were and are improperly classified as exempt employees and are entitled to such overtime pay. Otherwise, Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in the paragraph.

4.02. Admitted as to MPRI, Inc. and L-3 Services, subject to the qualifications set forth in footnote 1, above. Otherwise denied.

4.03. Admitted as to MPRI, Inc. and L-3 Services, subject to the qualifications set forth in footnote 1, above. Otherwise denied.

4.04. Admitted, subject to the qualifications set forth in footnote 1, above.

4.05. Admitted, subject to the qualifications set forth in footnote 1, above.

4.06. The paragraph states conclusions of law to which no response is required. To the extent the paragraph contains any factual averments inconsistent with Defendants' answer or defenses, denied.

4.07. Denied.

4.08. Denied.

4.09. Denied.

4.10. Denied.

4.11. Denied.

5.01. Denied.

5.02. Defendants admit that recruiters employed by MPRI, Inc. and L-3 Services, Inc. worked or work, from time-to-time, in excess of forty hours per week; however, Defendants state that such employees were and are exempt employees under the Fair Labor Standards Act ("FLSA"). Otherwise, denied.

5.03. Denied.

5.04. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in the paragraph.

5.05. Defendants admit that recruiters employed by MPRI, Inc. and L-3 Services, Inc. worked or work, from time-to-time, in excess of forty hours per week; however, Defendants state that such employees were and are exempt employees under the FLSA. Otherwise, denied.

5.06. Defendants admit that the putative Class Members were and are paid a fixed salary plus commission. Otherwise, Defendants are without knowledge or

information sufficient to form a belief as to the truth of the averments contained in the paragraph.

    5.07.  Denied.

    5.08.  Denied.

    5.09.  Denied.

    5.10.  Denied.

    5.11.  Denied.

    5.12.  Denied.

    5.13.  Denied.

    6.01.  Defendants restate and incorporate by reference herein the above paragraphs in their entirety.

    6.02.  Denied.

    6.03.  Denied.

    6.04.  Denied.

    6.05.  Denied.

### AFFIRMATIVE DEFENSES

Defendants assert that Plaintiff's claims against them should be denied, in whole or in part, by the defenses set forth below. Defendants also assert that some of the averments and claims in the Complaint are vague and, as a result, Defendants are not able to ascertain what, if any, other defenses may be available to deny those averments and claims, in whole or in part. Therefore, Defendants hereby give notice that they intend to

rely on additional defenses that become available or apparent during discovery and reserve the right to amend this answer to assert such additional defenses.

1. The Complaint should be dismissed pursuant to FED. R. CIV. P. 12(b)(6).

2. Plaintiff's claims should be dismissed, in whole or in part, to the extent barred by the applicable statute(s) of limitations.

3. Plaintiff's claims should be dismissed, in whole or in part, to the extent barred by the doctrine of waiver.

4. Plaintiff's claims should be dismissed, in whole or in part, to the extent barred by the doctrine of estoppel.

5. Plaintiff's claims should be dismissed, in whole or in part, because Plaintiff agreed to be employed as an exempt employee under the FLSA.

6. Plaintiff's claims should be dismissed, in whole or in part, because he was an exempt employee under the FLSA.

7. Plaintiff's claims should be dismissed, in whole or in part, because Defendants' payroll practices did not violate the FLSA.

8. Plaintiff's claims should be dismissed, in whole or in part, because Defendants had reasonable grounds to believe in good faith that they were not violating the FLSA.

9. Plaintiff's claims should be dismissed, in whole or in part, because Defendants' alleged violations or actions were not intentional or willful.

10. Plaintiff's claims should be dismissed, in whole or in part, because Defendants did not maintain a systemic or common policy or practice to misclassify employees as exempt under the FLSA.

11. Plaintiff's claims should be dismissed, in whole or in part, because Plaintiff is not "similarly situated" to any of the putative Class Members.

12. Plaintiff's claims should be dismissed, in whole or in part, because the Complaint does not set forth sufficient "substantial averments" to conditionally certify the proposed class and send notice of a collective action under the FLSA.

13. Plaintiff's claims should be dismissed, in whole or in part, because ascertaining whether the putative Class Members were misclassified as exempt under the FLSA would require this Court to conduct a fact-specific, individualized inquiry into each putative Class Members' day-to-day activities.

14. Plaintiff's claims should be dismissed, in whole or in part, because the putative Class Members have their own rights and remedies that are more than adequate to remedy any individual grievances they may have.

WHEREFORE, Defendants request that judgment enter in their favor on all counts and claims and that they be awarded their reasonable attorneys' fees and costs, if appropriate, and that the Court enter such further relief in their favor as equitable and reasonable.

Respectfully submitted.

MPRI, Inc., L-3 COMMUNICATIONS, L-3 COMMUNICATIONS CORPORATION, and L-3 SERVICES, INC.,

By their attorneys:


/s/ David G. Thomas
Craig A. Etter, VA Bar No. 44692
John F. Scalia, VA Bar No. 46444
David G. Thomas, MA Bar No. 640854[2]
*Admitted pro hac vice*
GREENBERG TRAURIG, LLP
1750 Tysons Boulevard, Suite 1200
McLean, VA 22102
Telephone: (703) 749-1300
Facsimile: (703) 749-1301

Michael D. O'Neal, OBA No. 20298
WILLIAMS BOX FORSHEE & BULLARD PC
522 Colcord Drive
Oklahoma City, OK 73102-2202
Telephone: (405) 232-0080
Facsimile: (405) 232-5814

Dated: July 17, 2008

---

[2] Messrs. Etter, Scalia, and Thomas are admitted *pro hac vice*. Mr. Thomas maintains an office at One International Place, Boston, MA 02110.

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent via U.S. first-class mail to those indicated as non-registered participants on July 17, 2008.

                                                    /s/   David G. Thomas